UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ST. JAMES STEVEDORING PARTNERS LLC | * * * | CIVIL ACTION NO. |
| | * | SECTION: |
| v. | * * | MAGISTRATE: |
| MOTION NAVIGATION LTD., *in personam* and M/V GEORGITSI, IMO No. 9590113, her engines, tackle, apparel, furniture, equipment and all other appurtenances, *in rem* | * * * * * * | ADMIRALTY RULE 9(h) |

## VERIFIED COMPLAINT

**NOW COMES**, through undersigned counsel, St. James Stevedoring Partners LLC ("St. James"), which files this Verified Complaint against Motion Navigation Ltd. ("Motion Navigation"), *in personam*, and the M/V GEORGITSI, IMO No. 9590113, her engines, tackle, apparel, furniture, equipment and all other appurtenances, *in rem*, ("M/V GEORGITSI") and alleges and avers, on information and belief, as follows:

### PARTIES

1.

St. James is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Convent, Louisiana.

2.

Made defendants herein are:

{N0679857 -}

a) Motion Navigation, a foreign corporation organized and doing business under the laws of a foreign country, which, at all times material hereto, was the owner and/or operator of the M/V GEORGITSI; and

b) The M/V GEORGITSI, at all times material hereto, an oceangoing bulk cargo vessel, of Marshall Islands registry, with IMO number 9590113.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and Rule C of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. St. James designates this claim as an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim(s) stated herein occurred within this district and within the jurisdiction of this Court.

## FACTS

5.

St. James operates a buoy system at or near Mile 158 of the lower Mississippi River for the purpose of conducting bulk cargo loading and unloading operations.

6.

On or about March 9, 2013, the M/V GEORGITSI, laden with a cargo of bulk iron ore pellets, arrived at St. James' buoy system for the purpose of discharging the aforementioned cargo of bulk iron ore pellets.

7.

On or about March 9, 2013, while the M/V GEORGITSI was undertaking mooring operations at St. James' buoy system, the vessel allided with, struck or otherwise caused a St. James buoy to become detached by breaking the chain attaching the buoy to the bed of the Mississippi River, which resulted in damage to the buoy, the chain and St. James (hereafter the "Allision").

8.

After the Allision, it was discovered that the port bow windlass of the M/V GEORGITSI was inoperable, and thus, the port anchor could not be raised. Accordingly, the M/V GEORGITSI was not able to vacate the berth, which delayed the necessary repairs to the buoy system and caused St. James other and further delay and detention damages.

9.

Subsequently, Motion Navigation and the M/V GEORGITSI retained St. James to provide a crane barge, tug(s) and personnel to repair and/or replace the inoperable port bow windlass of the M/V GEORGITSI. The foregoing services by St. James comprise necessaries to the vessel for which St. James has not been compensated.

10.

Following the delayed removal of the M/V GEORGITSI and as a result of the actions of Motion Navigation and/or others for whom Motion Navigation is responsible, St. James was required to make permanent repairs to its buoy system. Further, from March 9, 2013 through March 12, 2013, St. James was required to provide additional services to the M/V GEORGITSI as established by the mooring fees for additional docking and undocking and assist tug charges, which are set forth in St. James Invoice No. 426015 (attached hereto as Exhibit "A") and for

which St. James has not been compensated. St. James suffered further damages as set forth more fully in the attached invoice.

### 11.

The damage caused to St. James' buoy system and St. James' provision of necessaries – in the form of additional services provided to the M/V GEORGITSI – were in no way caused or contributed to by St. James, or by anyone for whose conduct St. James is responsible.

### 12.

To date, Motion Navigation and the M/V GEORGITSI have refused all amicable demands by St. James and/or its representatives for payment of the amounts set forth above.

## CAUSES OF ACTION

### 13.

The Allision and St. James' resulting damages were legally and proximately caused by the negligence, neglect, want of care, inattention to duty and/or and fault of Motion Navigation, through the actions of its employees, agents, representatives and/or others for whom Motion Navigation is responsible, in the following particulars:

- a) Failing to operate the M/V GEORGITSI in a reasonable, prudent and seamanlike manner;
- b) Failing to exercise due care and/or ordinary care;
- c) Failing to maintain a proper lookout;
- d) Failing to warn;
- e) Failing to maintain a safe speed;
- f) Failing to properly train and/or supervise the master and/or crewmen of the M/V GEORGITSI; and

g)  For other reasons which will be shown at the trial of this matter.

### 14.

The Allision and St. James' resulting damages were legally and proximately caused by the unseaworthiness of the M/V GEORGITSI and breaches of the warranty of seaworthiness in the following particulars:

a)  Operating without a competent master and crew; and

b)  All other unseaworthy conditions of the M/V GEORGITSI and breaches of the warranty of seaworthiness by Motion Navigation that will proven at the trial of this matter.

### 15.

The Allision and St. James' resulting damages were legally and proximately caused by the following violations of the Inland Rules of Navigation:

a)  Violation of Rule 5 for failing to maintain a proper lookout;

b)  Violation of Rule 6 for failing to maintain a safe speed such that a collision could be avoided;

c)  Violation of Rule 7 for failing to use all available means to determine if risk of collision exists;

d)  Violation of Rule 8 for failing to take appropriate action to avoid collision; and

e)  Such other violations as will be shown at the trial of this matter.

### 16.

St. James specifically pleads the presumption of negligence otherwise known as the Rule of *THE OREGON* and the presumption of causation otherwise known as the Rule of *THE PENNSYLVANIA*.

## DAMAGES

**17.**

As a direct result of the actions of Motion Navigation, as set forth in the preceding paragraphs, St. James has suffered damages and was forced to provide necessaries to the M/V GEORGITSI as follows:

a) Costs incurred as a result of buoy damage and windlass repair in the amount of $25,732.50;

b) Mooring fees for providing initial docking/undocking in the amount of $87,601.90;

c) Fees for services provided by assist tugs in the amount of $55,167.00; and

d) Detention and damage charges in the amount of $143,750.00.

**18.**

The amounts set forth above flow directly from the maritime tort(s) committed by Motion Navigation, and therefore, St. James has a maritime lien against the M/V GEORGITSI for all amounts owed as a result of Motion Navigation's tortious conduct.

**19.**

In the alternative, and only to the extent it is found that St. James is not able to recover all amounts set forth above under a maritime tort theory, the services provided by St. James to the M/V GEORGITSI from March 9, 2013 to March 12, 2013 constitute necessaries for which Motion Navigation is liable and for which St. James has not been compensated. Because St. James has not been compensated, St. James has a maritime lien on the M/V GEORGITSI for the necessaries provided to the vessel.

**20.**

In the further alternative, and only to the extent it is found that St. James is not able to recover all amounts set forth above as necessaries or under a maritime tort theory, the charges due St. James constitute amounts due under a maritime contract for which Motion Navigation is liable and for which St. James has not been compensated. Because St. James has not been compensated, St. James has a maritime lien on the M/V GEORGITSI for the damages arising from the breach of such maritime contract.

**WHEREFORE**, St. James respectfully prays for the following relief:

1. That summons and process in due form of law issue against Motion Navigation Ltd. compelling it to appear and answer, under oath, this Verified Complaint;

2. That summons and process in due form of law issue against the M/V GEORGITSI, IMO No. 9590113, her engines, tackle, apparel, furniture, equipment and all other appurtenances, and that all persons having a claim and any interest therein be cited to appear and answer, under oath, all and singular, the matters aforesaid;

3. That St. James be granted judgment in its favor and against Motion Navigation, Ltd. in the amount of Three Hundred Twelve Thousand Two Hundred Fifty-One and 40/100 Dollars ($312,251.40), plus interests, court costs and expenses;

4. That St. James' maritime lien against the M/V GEORGITSI, IMO No. 9590113, her engines, tackle, apparel, furniture, equipment and all other appurtenances, for damages flowing from Motion Navigation's maritime tort be recognized as valid and sustaining preferred maritime lien against the vessel;

5. In the alternative, that St. James' maritime lien for necessaries provided to the M/V GEORGITSI, IMO No. 9590113, her engines, tackle, apparel, furniture, equipment and all

other appurtenances, be recognized as valid and sustaining preferred maritime lien against the vessel;

6. In the further alternative, that St. James' maritime lien for damages arising from the breach of a maritime contract against the M/V GEORGITSI, IMO No. 9590113, her engines, tackle, apparel, furniture, equipment and all other appurtenances, be recognized as valid and sustaining preferred maritime lien against the vessel; and

7. That this Honorable Court grant St. James any such other and further relief as may be just and proper in law and in equity.

Respectfully submitted,

/s/ Robert J. Stefani
ROBERT J. BURVANT (LA #14119)
ROBERT J. STEFANI (LA #19248)
BENJAMIN E. GONSOULIN (LA #34562)
**KING, KREBS & JURGENS, PLLC**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233

*Counsel for Plaintiff, St. James Stevedoring Partners LLC*

# VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

Robert J. Stefani, being duly sworn, deposes and says;

I am the attorney in fact of St. James Stevedoring Partners LLC, plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof to be true to the best of my knowledge, information and belief, based on documentation and information provided to me by plaintiff.

_____
Robert J. Stefani

Sworn to and subscribed
before me this 22nd day
of March, 2013

_____
NOTARY PUBLIC
CAROLYN S. BUCKLEY
NOTARY ID NO. 133611
BAR NO. 34468
STATE OF LOUISIANA
COMMISSION ISSUED FOR LIFE

{N0679857 -}                                9